IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ROBERT CHAPMAN,
    Petitioner,

vs.                                         Case No. 3:08cv5/LAC/EMT

WALTER A. McNEIL,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

       Now pending is Respondent's motion to dismiss (Doc. 7) the instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1). Respondent seeks dismissal of the petition on the basis that it was untimely filed pursuant to 28 U.S.C. § 2244(d). Petitioner responded in opposition to the motion (Doc. 10).

       This matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(b). After careful consideration, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter. It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition should be dismissed as untimely.

       The procedural background of this case is established by the state court record (Doc. 7, Exhibits). Following a jury trial on February 18, 2003, in the Circuit Court for Escambia County Florida, Petitioner was found guilty of one count of aggravated battery (battery on a pregnant woman) and one count of violation of an injunction for protection against domestic violence (*id*., Ex. B at 7–8). Following a sentencing hearing on March 26, 2003, Petitioner was sentenced to ten (10) years of imprisonment on the aggravated battery count and a concurrent term of twelve (12) months of incarceration on the remaining count, with jail credit of 188 days on both counts (*id*. at 11–29). Petitioner filed a notice of appeal with the Florida First District Court of Appeal (First DCA) and then filed a notice of voluntary dismissal (Doc. 7, Exs. C, D). On August 28, 2003, the appellate court dismissed the appeal (Doc. 7, Ex. E).

On April 12, 2004, Petitioner filed, through counsel, a motion for postconviction relief in the trial court pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Doc. 7, Ex. F at 1–17). On May 20, 2004, the trial court issued an order summarily denying Petitioner's Rule 3.850 motion (*id*., at 18–19). Petitioner appealed the decision to the First DCA, but the appellate court affirmed per curiam without written opinion on April 21, 2005, with the mandate issuing July 1, 2005 (Doc. 7, Exs. H, J). Chapman v. State, 903 So. 2d 938 (Fla. 1st DCA Apr. 21, 2005) (Table).

On February 8, 2007, Petitioner filed a second Rule 3.850 motion (Doc. 7, Ex. K at 1–9). On March 1, 2007, the trial court issued an order summarily denying Petitioner's motion (*id*. at 10–12). Petitioner appealed the decision to the First DCA, but the appellate court affirmed per curium on August 30, 2007, with the mandate issuing October 1, 2007 (Doc. 7, Exs. M, N). Chapman v. State, 965 So. 2d 125 (Fla. 1st DCA Aug. 30, 2007).

On January 2, 2008, Petitioner filed the instant federal habeas petition (Doc. 1 at 6).

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, 110 Stat. 1214, which became effective on April 24, 1996, a one year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment. The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(1).

Respondent asserts that the appropriate statutory trigger for the limitations period is § 2244(d)(1)(A), the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. Respondent contends that the date Petitioner's conviction became final is August 28, 2004, or November 26, 2004 at the latest (*see* Doc. 7 at 7). Petitioner contends that § 2244(d)(1)(D) is the appropriate trigger because he did not discover the factual predicate of his claim until February 18, 2006. The sole claim raised in the instant petition is a claim that Petitioner's conviction violated due process and the Confrontation Clause because

the State threatened the victim, Laura McLellan, that if she testified favorably for Petitioner, her children would be removed from her custody (Doc. 1 at 4). Ms. McLellan did not testify at Petitioner's trial, but her statements to law enforcement officers were admitted into evidence under an exception to the hearsay rule (Doc. 1, attached Summary). Petitioner asserts that the State's intimidation of Ms. McLellan led to the improper admission of hearsay evidence and violated his right to confront Ms. McLellan's statements (*id*.). Petitioner asserts that he did not become aware of the fact that the State intimidated Ms. McLellan until February 18, 2006, when Ms. McLellan visited him in prison and informed him of the intimidation (*id*.). Therefore, he contends the limitations period commenced on February 18, 2006, pursuant to § 2244(d)(1)(D).

The first issue is whether the factual predicate of Petitioner's claim could have been discovered, with the exercise of due diligence, prior to February 18, 2006. As previously stated, the factual predicate of Petitioner's claim is that prior to Petitioner's trial, the State threatened Ms. McLellan that if she testified favorably for Petitioner, her children would be removed from her custody. Although Petitioner states he did not discover the alleged intimidation by the State until February 18, 2006, when Ms. McLellan told him about it, he or his counsel could have discovered it prior to or during Petitioner's sentencing hearing. The record conclusively establishes that Petitioner's counsel called Ms. McLellan as a witness at Petitioner's sentencing hearing (*see* Doc. 7, Ex. B at 12–16). The sentencing judge asked Ms. McLellan why she did not testify at Petitioner's trial, and she responded that she believed she and Petitioner were both at fault, she and Petitioner were the parents of two children, and she believed that Petitioner was not a bad person (*id*. at 13). Ms. McLellan's appearance at the sentencing hearing on behalf of Petitioner provided an opportunity for Petitioner's counsel to further explore with Ms. McLellan any other basis for her decision not to testify at trial, such as threats or intimidation. Therefore, the undersigned concludes that the State's alleged intimidation of Ms. McLellan could have been discovered, with due diligence, no later than March 26, 2003, the date of Petitioner's sentencing hearing.

The court must next determine the date Petitioner's conviction became final. The Eleventh Circuit has not addressed the issue of the date a conviction becomes final when a direct appeal is voluntarily dismissed, and the other circuit courts have decided the issue differently. *Compare* United States v. Sylvester, No. 06-2660, 2007 WL 4395652, at *1 (3d Cir. Dec. 14, 2007) (conviction became final and the limitations period began to run when defendant's appeal was voluntarily dismissed, since further direct review is no longer possible when an appeal is voluntarily dismissed), *and* White v. Klitzkie, 281 F.3d 920, 923 (9th Cir. 2002) (conviction became final when defendant dismissed his direct appeal), *and* Lee v. Klinger, No. 99-6286, 2000 WL 216615, at *1 (10th Cir. Feb. 23, 2000) (conviction became final when Oklahoma Court of Criminal Appeals

dismissed defendant's direct appeal), *with* <u>United States v. Gentry</u>, 432 F.3d 600, 604 n.2 (5th Cir. 2005) (conviction became final ninety (90) days after appellate court dismissed direct appeal, or, in other words, upon expiration of the time period for filing for a writ of certiorari), *and* <u>United States v. Sosa</u>, 364 F.3d 507 (4th Cir. 2004) (conviction became "final," triggering one-year limitations period applicable to motion to vacate, ninety (90) days after court of appeals dismissed defendant's direct appeal, where defendant did not file petition for writ of certiorari in the United States Supreme Court), *and* <u>Vroman v. Brigano</u>, 346 F.3d 598, 601 (6th Cir. 2003) (conviction became final ninety (90) days after the Ohio Supreme Court dismissed petitioner's direct appeal). This district court has followed the Fourth, Fifth, and Sixth Circuits in concluding that a state conviction becomes final, for AEDPA purposes, ninety (90) days after the state appellate court grants a motion for voluntary dismissal of the appeal. *See* <u>Marshall v. Crosby</u>, No. 3:05CV207/LAC/EMT, 2006 WL 568341 (N.D. Fla. Mar. 7, 2006). Therefore, Petitioner's conviction became final on November 26, 2003, ninety (90) days from the date of the First DCA's order dismissing his appeal. Because that date is later than March 26, 2003, the date the factual predicate of Petitioner's claim could have been discovered with due diligence, the appropriate statutory trigger for the limitations period is § 2244(d)(1)(A). Accordingly, the federal limitations period began to run on November 26, 2003 and expired one year later, on November 26, 2004.

Even though Petitioner did not file his federal petition on or before November 26, 2004, he may be entitled to review of his petition if the limitations period was tolled pursuant to statutory tolling principles. Section 2244(d)(2) provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the instant case, the record shows that on April 12, 2004, one hundred thirty-seven (137) days after the federal limitations period commenced, Petitioner filed his first Rule 3.850 motion (Doc. 7, Ex. F at 1). This post-conviction motion was pending until July 1, 2005, upon issuance of the First DCA's mandate affirming the trial court's decision (Doc. 7, Ex. J). *See* <u>Nyland v. Moore</u>, 216 F.3d 1264, 1267 (11th Cir. 2000) (where Florida petitioner appeals trial court's denial of post-conviction application, application remains pending until issuance of the mandate by the appellate court). The federal limitations period expired two hundred twenty-eight (228) days later on February 15, 2006. Petitioner's second Rule 3.850 motion, filed on August 31, 2006 (*see* Doc. 7, Ex. K at 1) did not toll the limitations period because it was filed after the limitations period expired. Because Petitioner filed his federal petition on January 2, 2008, nearly two (2) years after the federal limitations period

expired, the instant petition is untimely.  Accordingly, Respondent's motion to dismiss should be granted, and the habeas petition should be dismissed.[1]

Accordingly, it is respectfully **RECOMMENDED**:

1.  That Respondent's motion to dismiss (Doc. 7) be **GRANTED**.

2.  That the petition for writ of habeas corpus (Doc. 1) be **DISMISSED** with prejudice as untimely.

At Pensacola, Florida, this 23rd day of April 2008.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**

---

[1] Petitioner does not assert grounds for applying any other form of tolling of the limitations period, nor does he assert grounds for applying any exception to the time bar.

Case No.: 3:08cv5/LAC/EMT